UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE MEACHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cv-15277 |
| v. ) | |
| ) | Hon. Steven C. Seeger |
| BOARD OF EDUCATION *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

Plaintiff Rose Meacham filed a lawsuit about her student loans. She also sought to proceed *in forma pauperis* and moved for attorney representation. *See* IFP Application (Dckt. No. 4); Mtn. (Dckt. No. 5). This Court denied the motion for attorney representation, and denied the IFP application because it was incomplete. *See* Order (Dckt. No. 8). The Court granted Meacham leave to file a completed IFP application and an amended complaint by May 17, 2024. *Id.*

Meacham filed an updated IFP application on April 25, 2024. *See* IFP Application (Dckt. No. 11). Meacham also filed an amended complaint, in a way. On May 9, 2024, she filed a motion for an extension of time to file her amended complaint. *See* Mtn. for Extension (Dckt. No. 12). Meacham requested a 90-day extension. *Id.* Then, on May 17, 2024, Meacham filed a 215 page "outline" of her amended complaint. *See* Mtn. for Extension Continued (Dckt. No. 15). The motion did not appear on the docket until May 23, 2024 but was received at the intake counter on May 17. So, the Court will consider it to be timely filed.

Finally, Meacham also filed another motion for attorney representation on May 9, 2024. *See* Mtn. to Appoint Council [sic] (Dckt. No. 13); Mtn. to Appoint Council Continued (Dckt. No. 14).

For the reasons stated below, the application to proceed *in forma pauperis* (Dckt. No. 11) is denied. The motions for attorney representation (Dckt. Nos. 13, 14) are denied. The motions for an extension (Dckt. Nos. 12, 15) are granted.

This Court cannot make heads or tails of the amended complaint. This Court already gave Plaintiff a chance to file an amended complaint. The pleading at hand does not come close to stating any discernible claim. The amended complaint (Dckt. No. 15) is dismissed. The Court denies leave to amend.

I. **Meacham's IFP Application**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Specifically, section 1915(a) "allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.*

A "person is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent them from providing for life's necessities." *See Hayes v. N.w. Med. Hosp.*, 2023 WL 8183164, at *1 (N.D. Ill. 2023) (cleaned up).

"To measure indigency, courts in this district have considered, among other things, the United States Department of Health and Human Services poverty guidelines." *See Knight-Robinson v. Comm'r of Soc. Sec.*, 2021 WL 11634831, at *1 (N.D. Ill. 2021).

Meacham's first IFP application was incomplete. It stated that she was unemployed, and listed her date of last employment as 2021, with a monthly take-home pay of $17 an hour. Meacham indicated she had received $23,000 in gifts in the last 12 months (followed by three question marks and the note "to help"). *See* IFP Application, at 1 (Dckt. No. 4). But Meacham did not complete page 2 of the application at all, nor did she sign it. *Id.* at 2.

So, this Court denied Meacham's first attempt to proceed IFP, but granted her leave to submit a completed IFP application. *See* Order (Dckt. No. 8). Meacham filed a new IFP application on April 25, 2024. *See* IFP Application (Dckt. No. 11).

Meacham's updated IFP application clarifies that Meacham is in fact currently employed. *See id.*, at 1. Instead of completing the line that asks for Meacham's monthly take-home pay, she wrote "please see attached paystubs" and attached four paystubs. *Id.* The paystubs show that she is employed at Albertson making $15.80 an hour. *Id.* Her biweekly pay varies between $200 and $350 depending on the number of hours she works. *Id.*

This time, Meacham did not list anything in the section for other sources of income including gifts. *Id.* She states that she has roughly $100 in her checking account. *Id.* at 2. She lists her monthly rent as $800. *Id.* at 3. Meacham states that she has medical expenses and that "there is absolutely no way [she] can pay for court fees." *Id.* at 2–3.

While Meacham did not do the best job of completing the IFP forms, the Court can piece enough together to see that Meacham qualifies to proceed *in forma pauperis* based on her financial situation. She appears to be making $700 a month (at most), or about $8,000 a year. This is well under the United States Department of Health and Human Services poverty guidelines for 2024, which is $15,060 for Illinois. *See Poverty Guidelines*, United States Department of Health and Human Services, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (accessed 5/30/24).

But a plaintiff is not entitled to proceed *in forma pauperis* based on poverty alone. The Court also must prescreen the complaint before accepting the complaint for filing. *See* 28 U.S.C.

§ 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See id.*; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen complaints under section 1915(e)(2)(B) in the same manner that they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

With that groundwork, the Court turns to Meacham's complaint.

This Court explained the deficiencies in Meacham's original complaint in its Order dated April 9, 2024. *See* 4/9/24 Order (Dckt. No. 8). To sum it up, Meacham sued the Board of Education, the Department of Education, Cathy Swan, and Charles Meacham under 42 U.S.C. § 1983 about her student loans. *See* Cplt. (Dckt. No. 1). Meacham alleged that Cathy Swan took out almost $300,000 in student loans under Meacham's name that were meant to be paid by money left to Meacham by her grandfather. *Id.* at 1. Meacham alleged that her loans were mistakenly "put into default" and that she tried to contact the government to correct the error but had resorted to a lawsuit. *Id.* at 4–5.

In its previous order, this Court explained why section 1983 was not the appropriate vehicle for claims against government entities or private individuals (unless they are acting under color of state law). *See* 4/29/24 Order (Dckt. No. 8). Meacham's original complaint also lacked an allegation of what federal law defendants violated. Finally, if Meacham alleged state law claims, she did not allege diversity jurisdiction to bring those state law claims within the purview of this Court.

The Court granted Meacham leave to amend her complaint to fix these deficiencies by May 17, 2024. *Id.* Meacham requested a 90-day extension of the deadline. *See* Mtn. for Extension (Dckt. Nos. 12). She also filed a 215-page "outline" of her complaint (including exhibits). *See* Mtn. for Extension Cont. (Dckt. No. 15). The Court treats that outline as an amended complaint.

The Court begins with an overarching observation. The "outline" of the complaint is more than a little difficult to decipher. Rule 8 requires a "short" and "simple" statement. *See* Fed. R. Civ. P. The outline is neither.

Meacham has added five additional defendants to the amended complaint, including "Student Loan Offices," "State of Illinois," "New York University," "University of Illinois," and "Darby Brigham Rosenfeld." *See* Mtn. for Extension Continued, at 1 (Dckt. No. 15). The first five pages of the document contain questions about what type of relief Meacham should seek and how to correct her credit score and pay off her student loans. *See id.*, at 2–6.

Meacham then opens the outline of her amended complaint with a description of how the Fourteenth Amendment is "actually referencing a Biblical dispute that has been going on for hundreds of years." *Id.* at 9. Meacham's claims, as far as this Court is able to decipher them, have shifted away from the claims about her student loans present in the first complaint, and towards something else entirely.

Meacham accuses the University of Illinois of violating the Fourteenth Amendment by abridging the rights of women. *Id.* at 12. Meacham alleges retaliation by "defendants" when she attempted to engage in protected activity by reporting to the EEOC and Title IX office. *Id.* at 17. Meacham also alleges that she reported "scientific fraud" while at NYU and suffered retaliation. *Id.* at 18–22.

Meacham seeks to have her student loans put in the name of Cathy Swan and Charles Meacham, who allegedly took out the loans under Meacham's name. *Id.* at 34. Meacham also believes that Americans should not be "forced" to pay for education. *Id.* at 35.

Meacham's outline spans 65 handwritten pages. The remaining pages are photos with explanations. Some of the photos seem out of place – pictures of Amazon receipts, photos of Meacham's bags on the sidewalk, couches, a book entitled "A History of Genetics" and more. *See generally* Mtn. for Extension Continued, at 66–215 (Dckt. No. 15).

The Court does want to note that Meacham writes in her complaint that she was assaulted. *Id.* at 14. The Court is truly sorry to hear that. But from the Court's understanding, this lawsuit is not about Meacham's assault.

The outline is difficult to follow. Too difficult, actually. The inscrutability is a sufficient basis for dismissal. *See, e.g.*, *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011) ("Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so."); *id.* at 798 (noting that "rampant grammatical, syntactical, and typographical errors contributed to an overall sense of unintelligibility"); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim."); *id.* ("Length may make a complaint unintelligible, by scattering and concealing in a morass of

irrelevancies the few allegations that matter."); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable."); *Eberhardt v. Village of Tinley Park*, 2020 WL 10618313, at *1 (N.D. Ill. 2020) ("[W]hile 'shotgun pleading' is not categorically prohibited, [the plaintiff's] employment of that technique renders his complaint *inscrutable*.") (emphasis added).

A district court judge should have to indulge only so much. After all, there are systemic interests at stake. A district court has duties running to the public at large and to the docket as a whole, meaning all of the litigants in all of its cases. And a district court's time is zero sum, too. Each minute that a district court judge spends on one case is time that it cannot spend on all of its other cases.

At some point, indulging a wonky, inscrutable complaint takes an excessive amount of time and consumes an excessive percentage of finite judicial resources. It imposes a cost that other litigants should not have to bear. And here, the complaint crosses that line.

The complaint at hand does not state a claim for which relief can be granted. As far as the Court can tell, the complaint does not state a claim at all. Worse yet, the complaint is incoherent and frivolous.

In sum, Meacham's amended complaint has not solved the problems identified in her original complaint. Rather than a short and plain statement of the claim(s) that would give defendants fair notice, it is a lengthy and inscrutable hedge maze. The Court appreciates the effort Meacham went through to submit such a lengthy document. But it is even less clear to this Court what federal law(s) Meacham's claims arise under and whether this Court even has jurisdiction than Meacham's original complaint.

For those reasons, the complaint fails prescreening. Meacham's IFP application is denied.

This Court already gave Meacham a chance to file an amended complaint, and the amended complaint was no better than the first one. The Court treats the outline as an amended complaint, and it is dismissed. The Court denies leave to file yet another amended complaint.

## II. Motion for Attorney Representation

Meacham also moved again for attorney representation. *See* Mtn. to Appoint Council [sic] (Dckt. No. 13); Mtn. to Appoint Council [sic] Continued (Dckt. No. 14).

This Court already denied Meacham's motion for attorney representation. *See* 4/9/24 Order (Dckt. No. 8). The Court found that Meacham appeared competent to litigate the case herself. *Id.* The Court did not grant Meacham leave to file additional motions for attorney representation.

In her additional motions for appointment of counsel, Meacham does not offer any indication that she has made further attempts to obtain counsel. Instead, she focuses on her lack of legal education. The Court is sympathetic. After all, "[a]lmost everyone would benefit from

having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (citation omitted). "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, 'district judges would be required to request counsel for every indigent litigant.' Rather, the question is whether the difficulty of the case - factually and legally - exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (citation omitted).

It remains true that the case does not seem too complicated for Meacham to litigate herself. Meacham has completed post graduate education, and she appears capable of representing herself. She has met the deadlines set by the Court, even if her motions are not successful.

Meacham's motion for attorney representation is therefore denied.

Date: July 23, 2024

Steven C. Seeger
United States District Judge